IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FIDENCIO GARCIA-GARCIA                                                                    PLAINTIFF

v.                                          3:23-cv-00201-BSM-JJV

KEVIN MOLDER, Sheriff, and
TRISHA MARSHALL, Captain,
Poinsett County Detention Center                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Fidencio Garcia-Garcia ("Plaintiff") has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging Sheriff Kevin Molder and Captain Trisha Marshall violated his constitutional rights while he was in the Poinsett County Detention Center ("PCDC"). (Doc. 8.) But he is now in custody at the Greene County Detention Facility. (Doc. 9.) I have previously pointed out pleading deficiencies with Plaintiff's original Complaint, given him a chance to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he failed to do so.

1

(Doc. 5.)  Plaintiff has now filed an Amended Complaint.  (Doc. 8.)  However, after careful consideration, I conclude he still has not pled a plausible claim for relief for the following reasons.[1]

Plaintiff says while he was in the PCDC on an unspecified date the weld holding a rack to the wall broke, the rack fell onto his leg, and his leg broke.  (Doc. 8.)  Plaintiff believes that "if the Sheriff and the jail administrator would have inspected and looked at the bed it wouldn't have happened."  (*Id.* at 4.)  However, Plaintiff has already raised this claim in a previous lawsuit, which was dismissed without prejudice because negligence is not a basis for recovery in a § 1983 action.  *See Garcia-Garcia v. Doe*, 3:23-cv-00147-DPM (E.D. Ark. Sept. 6, 2023).  And I agree with that determination.  *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 910 n. 5 (8th Cir. 2020); *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002); *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999).

Unlike his prior case, Plaintiff now alleges he received inadequate medical care for his injured leg while at the PCDC for an unspecified duration.  And he brings this claim against Sheriff Molder and Captain Marshall in both their official and personal capacities.  But pleading a plausible § 1983 inadequate medical care claim in either capacity is difficult.

As I explained in my prior Order (Doc. 5), to plead a plausible claim against Defendants in their personal capacities, there must be facts suggesting: (1) Plaintiff had an objectively serious need for medical care for his injured leg while in the PCDC; and (2) Sheriff Molder and Captain Marshall subjectively knew of, but deliberately disregarded, that serious medical need.  *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Plaintiff says, while he was at the PCDC he told "them" that he needed "special treatment" for his leg, "but no one listened." (Doc. 8 at 4.) However, Plaintiff has not explained who he told, what if any treatment he received, how that provided care was inadequate, what "special" treatment he needed, or more importantly, how Sheriff Molder and Captain Marshall were subjectively aware he was not receiving adequate care for his leg injury. *See Iqbal*, 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). To establish deliberate indifference, there must be facts suggesting Sheriff Molder and Captain Marshall "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp*, 9 F.4th at 703 (emphasis in the original); *see also Kulkay v. Roy*, 847 F.3d 637, 645 (8th Cir. 2017) ("An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment"). Because the Amended Compliant falls short of pleading deliberate indifference, I conclude Plaintiff has not pled a plausible inadequate medical care claim against Defendants Molder and Captain Marshall in their personal capacities.

Finally, Plaintiff's inadequate medical care against Defendants in their official capacities "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable for any of its employee's actions in a § 1983 lawsuit. *Id.* Instead, Poinsett County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO,* 829 F.3d 695, 699 (8th Cir. 2016). Because Plaintiff has not raised any such allegations, he has also failed to plead a plausible inadequate medical care

3

claim against Sheriff Molder and Captain Marshall in their official capacities.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 8) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count, in the future, as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 7th day of November 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE